```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

```
ANTHONY SWOOPES                  ]
     Plaintiff,                  ]
                                 ]
v.                               ]      No. 3:11-1192
                                 ]      Judge Trauger
MICHAEL JONES, et al.            ]
     Defendants.                 ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Jail in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Michael Jones, a Circuit Court Judge in Robertson County; Jason White, a Robertson County prosecutor; and Timothy Richter, an Assistant Public Defender in Robertson County; seeking damages.

According to the complaint, the plaintiff was returned to Tennessee in July, 2009, from Kentucky for a violation of his probation. The plaintiff, an African American, was not given credit for time served in Kentucky while a white prisoner also returned to Tennessee for a probation violation was allowed credit for time served. The plaintiff believes that the defendants' refusal to credit him with time served was an act of discrimination.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of

state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that his attorney (Timothy Richter) was ineffective and acted in a discriminatory manner is not actionable under § 1983.

Judges enjoy absolute immunity from monetary claims for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Likewise, prosecutors enjoy the same type of immunity for conduct within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Here, the plaintiff alleges that the judge who presided over his case (Michael Jones) and the prosecutor (Jason White) also acted in a discriminatory manner. However, there are no factual allegations suggesting that either the judge or the prosecutor were acting beyond the scope of their judicial or prosecutorial duties. Thus, these defendants are absolutely immune from any liability for damages.

Because the defendants are either cloaked with absolute immunity from liability or did not act under color of state law, the plaintiff has failed to state a claim against the defendants

for which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge